FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2012 JUL -5  P 12: 46

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CARDPOOL, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLASTIC JUNGLE, INC., <br><br> Defendant. | Civil Action No. 1:12cv716 CMH/TCB <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Cardpool, Inc. ("Cardpool"), for its Complaint against Defendant Plastic Jungle, Inc. ("Plastic Jungle"), alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement of one (1) United States Patent under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, to enjoin, obtain damages and for such relief as the Court deems just and proper resulting from Defendant Plastic Jungle's unauthorized use, sale, offer to sell and/or importation into the United States for subsequent use of products, methods, processes, services, and/or systems that infringe one or more claims of United States Patent No. 7,494,048.

### THE PARTIES

2. Plaintiff Cardpool is a Delaware corporation with its principal place of business at 329 Bryant Street, San Francisco, California 94107. Cardpool conducts business in the judicial district of the Eastern District of Virginia.

3. Upon information and belief, Plastic Jungle is a Delaware corporation with its principal place of business at 100 South Ellsworth Ave, 9th Floor, San Mateo, California 94401. It is further believed that Plastic Jungle conducts business in the judicial district of the Eastern District of Virginia.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35, United States Code.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), as Plastic Jungle is subject to personal jurisdiction in this judicial district, and has committed acts of infringement within this judicial district.

7. This Court has personal jurisdiction over Plastic Jungle, as Plastic Jungle regularly conducts business in this judicial district.

## THE PATENT

8. U.S. Patent No. 7,494,048 ("the '048 patent"), entitled "Systems and Methods for Brand Name Gift Card Exchange," issued to Carl Phillip Gusler, Rick Allen Hamilton, Steven Jay Lipton, and Timothy Moffett Waters on February 24, 2009. A copy of the '048 patent is attached hereto as Exhibit 1. Cardpool is the owner, by assignment, of the '048 patent.

## FACTUAL BACKGROUND AND CONTROVERSY

9. Cardpool is a fast-growing gift card exchange company where consumers can buy, sell and trade gift cards. Cardpool connects gift card holders around the world to create a gift card exchange marketplace where customers can buy, sell, or trade gift cards safely and securely.

10. Cardpool's technology enables it to grow with innovative solutions, save money, and provide more efficiency throughout both internal and external networks. Cardpool's ecommerce site provides prepaid gift card products throughout the United States and offers direct customer service and support.

11. The '048 patent discloses and claims a method of providing for the exchange of gift cards. The gift cards are exchangeable for either money or a second gift card. A fee is charged for the exchange service that is the equivalent of the value of the gift card, minus the amount paid for the gift card.

12. Upon information and belief, Plastic Jungle is the owner and operator of the ecommerce site "www.plasticjungle.com," which provides and/or participates in the providing of services for the sale, purchase, exchange or donation of gift cards.

13. Upon information and belief, within this judicial district, Plastic Jungle has, without Cardpool's permission, made, used, offered to sell, and/or sold and continues to make, use, offer to sell, and/or sell services for exchanging unwanted or partially used gift cards with a verified minimum balance for cash and/or exchanging unwanted or partially used gift cards for gift cards of another retailer.

## COUNT I

### (Patent Infringement of the '048 Patent)

14. Cardpool repeats, realleges, and incorporates by reference the allegations in paragraphs 1-13 as if fully set forth herein.

15. Upon information and belief, Plastic Jungle has been, and currently is, directly infringing at least claims 1-3, 6-7, 10 and 11 of the '048 patent, literally and/or under the doctrine of equivalents, through its operation of the "www.plasticjungle.com" e-commerce site.

16. Upon information and belief, Plastic Jungle is liable for infringement of at least claims 1-3, 6-7, 10 and 11 of the '048 patent under 35 U.S.C. § 271(a) by virtue of Plastic Jungle's hardware and software performing or dictating the performance of each of the claim method's steps.

17. Upon information and belief, Plastic Jungle is liable for joint infringement of at least claims 1-3, 6-7, 10 and 11 of the '048 patent under 35 U.S.C. § 271(a) by virtue of Plastic Jungle's exercise and control or direction over each of the claimed method's steps to the extent the claims are interpreted to include actions of a consumer in the practice of the claimed method's steps.

18. Upon information and belief, Plastic Jungle has had actual and constructive notice of the '048 patent by having the child continuation application cited as prior art to Plastic Jungle's PCT/US2010/053532 international application.

19. Upon information and belief, Plastic Jungle has knowingly or with reckless disregard infringed the claims of the '048 patent. It is believed that Plastic Jungle will continue to willfully infringe the '048 patent subsequent to the filing of this complaint. Cardpool seeks enhanced damages pursuant to 35 U.S.C. § 284.

20. Upon information and belief, Plastic Jungle's infringement of the '048 patent will continue unless enjoined by this Court.

21. As a direct and proximate consequence of Plastic Jungle's infringement of the '048 patent, Cardpool has suffered and will continue to suffer irreparable injury and damages, in an amount not yet determined, for which Cardpool is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Cardpool prays for the following relief:

a. A judgment declaring that Plastic Jungle has infringed, literally and/or under the doctrine of equivalents, any valid or enforceable claim of the '048 patent;

b. That this Court enter a judgment that Plastic Jungle knowingly and willfully engaged in such infringement;

c. That this Court permanently enjoin Plastic Jungle and its officers, directors agents, servants, affiliates, divisions, branches, subsidiaries, parents, licensees, successors, and assigns, and all persons acting in concert or privity with any of them, from infringement of the '048 patent;

d. An award of damages, costs, expenses, pre-judgment interest, and post-judgment interest;

e. A declaration that this action is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of reasonable attorneys' fees; and

f. Such other relief to which it may be entitled in law or equity and which this Court deems to be just or proper.

## JURY DEMAND

Cardpool demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated: July 5, 2012

Respectfully submitted,

/s/ *[signature]*

Edward A. Pennington (VSB # 23,511)
John P. Moy (VSB # 51,086)
Michael Schwartz (*pro hac vice pending*)
Chadwick A. Jackson (*pro hac vice pending*)
MURPHY & KING, P.C.
1055 Thomas Jefferson St., N.W., Suite 400
Washington, D.C. 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com
jpm@murphyking.com
mxs@murphyking.com
caj@murphyking.com

*Attorneys for Plaintiff*
*CARDPOOL, INC.*