IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARDPOOL INC.,

    Plaintiff,

  v.

PLASTIC JUNGLE, INC.,
n/k/a CARDFLO, INC.

    Defendant.

No. C 12-04182 WHA

**REQUEST FOR SUBMISSIONS AND VACATING MAY 22 CASE MANAGEMENT CONFERENCE**

After losing here and on appeal, the losing party, plaintiff and patent owner, Cardpool Inc., settled with defendant Plastic Jungle, Inc. (now known as Cardflo, Inc.) and, as part of the settlement, both sides persuaded the Federal Circuit to vacate its judgment but that Court refused to vacate this Court's order and judgment, instead leaving it up to this district court to decide. Now the parties ask for *vacatur* here.

This district judge has consistently refused to erase rulings from the public records as part of a settlement. Once issued, an order and judgment of a United States District Court belong to the public and are in the public domain. They are not subject to being erased by settlement (except in cases where the public interest so justifies). To allow otherwise would allow all manner of collusion and manipulation of the public records of our federal district court, especially by those with enough money to buy collusion.

That a patent examiner in a PTO proceeding has recently allowed new and narrowed claims in the same patent is interesting, but cannot override the supremacy of an Article III

judgment on the earlier claims in the same patent.  A district court judgment takes precedence over a PTO examiner's determination.

The foregoing is tentative and both sides may seek to justify *vacatur* in simultaneous and/or joint submissions (not to exceed twenty pages) made by **NOON ON MAY 29**.  If oral argument is needed, it will be set.  The May 22 case management conference is **VACATED**.

**IT IS SO ORDERED.**

Dated:  May 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2