IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARDPOOL INC.,

    Plaintiff,

  v.

PLASTIC JUNGLE, INC.,
n/k/a CARDFLO, INC.

    Defendant.

No. C 12-04182 WHA

**ORDER DENYING MOTION TO VACATE EARLIER FINAL JUDGMENT**

## INTRODUCTION

In this patent-infringement action, the Federal Circuit affirmed, and then following an *ex parte* reexamination, vacated its affirmance and remanded "to determine what actions, if any, are appropriate in light of the reexamined claims." The parties now represent that the only remaining matter is to "vacate [the] January 22, 2013 Judgment dismissing this case under [FRCP] 12(b)(6) with prejudice." Upon *vacatur*, "the parties have stipulated to a voluntary dismissal without prejudice under [FRCP] 41(a)(1)(A)(ii)." For the reasons stated herein, the motion to vacate the earlier final judgment is **DENIED**.

## STATEMENT

In July 2012, plaintiff Cardpool, Inc. commenced this action in the Eastern District of Virginia alleging infringement of U.S. Patent No. 7,494,048, entitled "System and Method for Brand Name Gift Card Exchange," issued on February 24, 2009. The complaint alleged infringement of "at least claims 1–3, 6–7, 10 and 11" (Compl. ¶¶ 15–17). Claim 1 was the only independent claim in the asserted patent.

1   In August 2012, an unopposed motion to transfer to this district was granted
2   (Dkt. No. 12). Cardpool filed a first amended complaint in November 2012 (Dkt. No. 47).

3   Following full briefing, supplemental submissions, and oral argument, a January 2013
4   order granted defendant Plastic Jungle, Inc.'s motion to dismiss, finding the asserted claims not
5   patentable subject matter under 35 U.S.C. 101. *Cardpool, Inc. v. Plastic Jungle, Inc.*, No.
6   3:12-cv-04182-WHA, 2013 WL 245026, at *1, 4 (N.D. Cal. Jan. 22, 2013). "Final judgment"
7   was entered in favor of defendant and against plaintiff Cardpool on January 22, 2013
8   (Dkt. Nos. 73, 74). This final judgment is the subject of the current *vacatur* request.

9   In June 2013, Cardpool (the losing party and patent owner) requested an *ex parte*
10  reexamination. Once an *ex parte* reexamination begins, third parties do not participate, including
11  parties otherwise being sued by the patent owner. (*Inter partes* reexaminations, by contrast,
12  permit challenger participation.)

13  In December 2013, defendant Plastic Jungle, Inc. informed the Federal Circuit that it had
14  changed its corporate name to CardFlo, Inc. For the purposes of this order and consistency,
15  CardFlo will still be referred to as Plastic Jungle.

16  On January 30, 2014, the Federal Circuit affirmed the dismissal in a *per curium* decision.

17  On February 6, 2014, the PTO issued a notice of an intent to issue a reexamination
18  certificate. Cardpool then filed a petition for rehearing *en banc*, because:

> One week [after the Federal Circuit decision], on February 6, 2014, the U.S. Patent and Trademark Office issued a final and unappealable decision confirming the patentability of an *amended* version of the claims previously at issue . . . . Because the District Court's decision . . . was based on the original Asserted Claims that no longer exist and have been superseded by the amended Asserted Claims, the District Court decision is moot and must be vacated . . . . this petition should be granted to allow rehearing.

*Cardpool*, No. 2013-1227 (Dkt. No. 53) (emphasis in original). A reexamination certificate issued on February 27, 2014, determining that amended claims 1, 2 through 7, and 9 through 11, and new claims 12 through 52 were patentable.

Plastic Jungle objected to the petition for rehearing *en banc* because "the entire case is moot" in light of the amended claims via the reexamination. Plastic Jungle argued that "the prior rulings must be vacated and the case dismissed." Plastic Jungle further argued that "Cardpool

2

may re-file its case (although they are best advised not to in light of intervening rights)" (Dkt. No. 58).

Cardpool responded that the "Reexamination Certificate has the effect to void the District Court's decision and agrees that the decision should be vacated." In Cardpool's view, although the dismissal order was "moot," the claim for relief was not, because "Plastic Jungle continues to infringe the Asserted Claims, as amended." Cardpool thus urged any dismissal to be without prejudice, in light of *res judicata* (Dkt. No. 60).

In April 2014, the Federal Circuit vacated the decision affirming the dismissal, dismissed the appeal, and remanded for further proceedings "to determine what actions, if any, are appropriate in light of the reexamined claims." *The Federal Circuit, however, refused to vacate the district court's judgment*. It stated (Dkt. No. 63) (emphasis added):

> The parties both request that this court vacate its decision, and the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6), as moot in light of the reexamined claims.
>
> Because vacatur of the affirmance under Fed. R. App. P. 36 would not offend the public interest in this case, and because both parties agree with such action, the court vacates its prior decision and dismisses the appeal. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).
>
> However, *the court finds that it would not be appropriate in this context to vacate the district court's judgment* because Cardpool, the losing party below, caused the change in circumstances. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72 (1997) (citing *Bancorp*, 515 U.S. at 23). Thus, *this court remands to the district court to determine what actions, if any, are appropriate in light of the reexamined claims*.

The petition for rehearing *en banc* was denied.

Following the remand, the parties filed a joint statement which stated (Dkt. No. 89) (emphasis added):

> While this case was on appeal and the '048 patent was being reexamined, Plastic Jungle changed its name to Cardflo, Inc., and it is Cardflo's representation that it is no longer is in the business of computer-implemented, online gift card exchange. Furthermore, in view of a September 28, 2012 Security Agreement between Cardflo and Interactive Communications International, Inc. ("InComm") and the January 2014 assignment of Cardflo's patent portfolio to InComm, *Plaintiff questions Cardflo's financial solvency. As a result, Plaintiff believes this case is no longer viable or necessary at this time*.

3

\* \* \*

> Due to the belief that this action is no longer viable or necessary at this time, *the only remaining matter for the Court is to vacate its order previously dismissing this case*. Once the Court vacates its order, *the parties have stipulated to a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(ii)*.

A May 20 order allowed supplemental briefing. It also stated the judge's tentative views (Dkt. No. 91):

> This district judge has consistently refused to erase rulings from the public records as part of a settlement. Once issued, an order and judgment of a United States District Court belong to the public and are in the public domain. They are not subject to being erased by settlement (except in cases where the public interest so justifies). To allow otherwise would allow all manner of collusion and manipulation of the public records of our federal district court, especially by those with enough money to buy collusion.

> That a patent examiner in a PTO proceeding has recently allowed new and narrowed claims in the same patent is interesting, but cannot override the supremacy of an Article III judgment on the earlier claims in the same patent. A district court judgment takes precedence over a PTO examiner's determination.

On May 29, the parties filed a two-page joint request to vacate the January 22, 2013 judgment. They "are not seeking to vacate the Court's Order finding the unamended claims invalid," but only to vacate the earlier final judgment (Dkt. No. 92).

The losing party and patent owner, Cardpool, then filed a separate seven-page brief arguing that the "Court should either: (1) vacate its dismissal with prejudice to allow the parties to dismiss *without prejudice*; or (2) vacate the dismissal to the extent that it was *with prejudice* and dismiss this case without prejudice" (Dkt. No. 93) (emphasis added). Cardpool argued that *vacatur* of the final judgment was necessary because the "final PTO judgment" was issued before "the appellate mandate that would have finalized the interim district court decision." Cardpool further argued that they have not "settled" and if the judgment is not vacated, they may lose the right to "file a new case at any time against Plastic Jungle asserting the reexamined claims." In other words, they want to remove the dismissal with prejudice because Plastic Jungle *could* reenter the internet gift card exchange business and they do not want "Cardpool's competitor [to have] a potential 'get out of jail free card'" (Dkt. No. 93).

4

Both sides have had their opportunity to make their best arguments in support of *vacatur* of the earlier final judgment.

## ANALYSIS

Both sides request *vacatur* of the final judgment entered against Cardpool. In the oft-cited decision *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950), the Supreme Court stated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss . . . . That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.

Subsequent decisions, however, have distinguished between mootness caused by "happenstance" versus mootness caused by the losing party's voluntary actions.

In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994), the Supreme Court denied a motion to vacate the judgment of the court of appeals. In *Bancorp*, the federal bankruptcy court granted a motion to suspend the automatic stay of a foreclosure sale. The district court reversed. Our court of appeals affirmed and the Supreme Court granted a petition for certiorari. The parties then settled, leading to a motion to vacate the judgment of our court of appeals. *Id*. at 19–21. The Supreme Court stated:

> *We hold that mootness by reason of settlement does not justify vacatur of a judgment under review*. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, *the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course* . . . . Of course even in the absence of, or before considering the existence of, extraordinary circumstances, *a court of appeals* presented with a request for vacatur of a district-court judgment *may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)*.

*Id*. at 29 (emphasis added). "The principal condition to which we have looked is whether the party seeking relief from the judgment below *caused the mootness by voluntary action*." *Id*. at 24 (emphasis added).

5

The Supreme Court then re-stated what had been stated before by Justice John Paul Stevens: "Judicial precedents are presumptively correct and valuable . . . . They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by vacatur." *Id*. at 26–27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). "*Vacatur* is in order when mootness occurs through happenstance — circumstances not attributable to the parties — or, relevant here, the 'unilateral action of the party who prevailed in the lower court.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72 (1997) (quoting *Bancorp*, 513 U.S. at 23).

In *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1332 (Fed. Cir. 2013) ("*Fresenius II*"), which Cardpool relies on, the Federal Circuit vacated the district court's judgment against the accused infringer and remanded with instructions to dismiss. The underlying procedural history was as follows. The accused infringer commenced a declaratory-judgment action. A jury found certain claims invalid. The district court granted a judgment as a matter of law, finding insufficient evidence to support the jury's invalidity verdict. The jury awarded $14 million in the damages phase. The Federal Circuit then reversed-in-part, affirmed-in-part, vacated-in-part, and remanded ("*Fresenius I*"). Notably, the Federal Circuit affirmed the portion of the district court judgment that the accused infringer failed to prove certain claims of the third asserted patent were invalid. The remand included instructions to consider whether the royalty award was proper. *Id*. at 1333–34.

In a parallel PTO proceeding, the accused infringer requested an *ex parte* reexamination of the third asserted patent. The Federal Circuit affirmed the PTO's determination that the claims were obvious, and the PTO issued a certificate cancelling those claims ("*In re Baxter*").

In the declaratory-judgment action, the majority (Judge Timothy Dyk and Sharon Prost) in *Fresenius II* then found that while the district court's judgment was "final for purposes of appeal . . . it was not sufficiently final to preclude application of the intervening final judgment in *In re Baxter*." The majority vacated the district court's judgment and remanded with instructions to dismiss. *Id*. at 1347.

Judge Pauline Newman dissented:

6

> The court today authorizes the Patent and Trademark Office, an administrative agency within the Department of Commerce, to override and void the final judgment of a federal Article III Court of Appeals. The panel majority holds that the entirety of these judicial proceedings can be ignored and superseded by an executive agency's later ruling.
>
> \*             \*             \*
>
> The court's ruling that PTO reexamination overrides the prior adjudication of patent validity is contrary to the legislative purposes of reexamination, offensive to principles of litigation finality and repose, and violative of the Constitution. The judicial decision of patent validity is not available for review, revision, or annulment by the PTO. When the issue of patent validity has been litigated and finally decided in the courts, this binds not only other courts, the parties, and the public; it binds the other branches of government. From the court's contrary decision, I respectfully dissent.

*Id*. at 1347–48, 1352–53, 1364–65.

*Fresnius II* is distinguishable. *Fresnius II* involved an Article III court — the Federal Circuit in *In re Baxter* — reviewing the reexamination decision of the administrative agency. The court of appeals reviewed the reexamination record and the PTO's factual findings and legal conclusions. *Here, no Article III court has reviewed the reexamined claims*. Instead, Cardpool, the losing party and patent owner, commenced an *ex parte* reexamination. Plastic Jungle and third parties were not involved in the reexamination because it was an *ex parte* reexamination. Just because a PTO examiner allowed the amended claims does not mean the reexamination certificate can displace a district court judgment following a contested motion to dismiss. The judgment (and order) were put into the public domain in January 2013, long before the reexamination certificate issued. In fact, the judgment (and order) provoked Cardpool to try to revive the asserted claims through requesting an *ex parte* reexamination. The judgment (and order) are a part of the history of the asserted patent and cannot be removed by some joint request for *vacatur*.

*Tafas v. Kappos*, 586 F.3d 1369, 1371 (Fed. Cir. 2009) (*en banc*), on the other hand, is more persuasive. In *Tafas*, the Federal Circuit denied a joint motion for *vacatur* of the district court judgment. The procedural history was as follows. The district court granted summary judgment in favor of plaintiffs challenging the PTO's new rules. The Federal Circuit affirmed-in-part, vacated-in-part, and remanded. *En banc* review was then granted. The parties then

7

jointly moved for a dismissal of the appeal because, in the interim, the PTO had rescinded the new rules. The Federal Circuit — sitting *en banc* — granted dismissal of the appeal, but denied the joint motion to vacate the district court's grant of summary judgment and injunction for the rescinded rules. The *en-banc* court stated:

> *vacatur* of the district court's judgment is inappropriate under the circumstances . . . . *Vacatur*, held the Court [in *Bancorp*], is appropriate if the mootness arises from external causes over which the parties have no control, or from the unilateral act of the prevailing party, *but not when the mootness is due to a voluntary act by the losing party, such as a settlement*.

*Id*. at 1370 (emphasis added). *Vacatur* in *Tafas* was not appropriate because the PTO (the losing party in the district court action) acted unilaterally to render the case moot.

So too here. The Federal Circuit has not instructed the undersigned judge to vacate the final judgment (and dismissal order). Rather, the Federal Circuit remanded "to determine what actions, if any, are appropriate in light of the reexamined claims." Again, these new "reexamined claims" have not been reviewed by an Article III court. Unlike in *Fresnius II*, there is no Federal Circuit decision (*In re Baxter*) reviewing the PTO's decision. All we have is a PTO examiner's allowance of reexamination claims.

Moreover, our Federal Circuit specifically called out the critical fact that "Cardpool, the losing party below, caused the change in circumstances." This was not happenstance. After the January 2013 dismissal order and final judgment were entered against Cardpool, the losing party commenced the *ex parte* reexamination, resulting in the amended claims. Since the mootness was due to a voluntary act by Cardpool (the losing party), vacating the final judgment is not appropriate.

In *Partsriver v. Shopzilla*, No. 4:09-cv-00811-CW, 2011 WL 1522374, at *3 (N.D. Cal. Apr. 21, 2011) (Judge Claudia Wilken), the district court denied a motion to vacate the judgment. The underlying procedural history was as follows. The patentee commenced an infringement action. The defendants then commenced an *ex parte* reexamination of the asserted patent. The PTO issued a final office action rejecting the relevant claims. The district court then granted summary judgment in favor of the defendants. The patentee appealed the office action to the Board of Patent Appeals and Interferences. The patentee then reversed course and

8

1   amended their claims. A reexamination certificate issued stating the claims were patentable as

2   amended. The Federal Circuit dismissed the appeal but remanded for the district court to decide

3   how to proceed. The district court denied the motion to vacate its judgment because, *inter alia*,

4   the patentee voluntarily amended the claims during reexamination. *Id*. at *2–3.

5   Similarly, in *Flatworld Interactive, LLC v. Apple Inc.*, No. 3:12-cv-01956-WHO

6   (N.D. Cal. May 15, 2014) (Dkt. No. 290) (Judge William Orrick), a motion to vacate a claim

7   construction order was denied. The decision stated that "a court should not chisel out parts of

8   the public record and the body of law merely because an unsatisfied party wants to destroy the

9   remains of its loss."

10  Here too, after Cardpool lost and the Federal Circuit affirmed, Cardpool obtained a

11  reexamination certificate amending the claims. Cardpool's voluntary actions caused the

12  mootness, and in such circumstances, *vacatur* is not appropriate. Indeed, the Federal Circuit

13  refused to vacate our final judgment. This order finds that it would be against the public interest

14  for Cardpool (the losing party) to displace our final judgment by simply commencing an *ex parte*

15  agency reexamination and amending its invalid claims.

16  At the end of the day, Cardpool seeks to manipulate the public record to erase its loss so

17  that it would be free to sue Plastic Jungle (and others) on the amended claims. In *Senju Pharm.*

18  *Co., Ltd. v. Apotex Inc.*, 746 F.3d 1344, 1346, 1353 (Fed. Cir. 2014), the Federal Circuit affirmed

19  a dismissal on claim preclusion because the second suit on the same patent based on amended

20  claims resulting from a reexamination was barred. The Federal Circuit stated:

> Senju cannot sue Apotex on the same patent twice. At its core, what Senju seeks is a do-over. Having lost its suit, Senju seeks to use reexamination to obtain a second bite at the apple, to assert its patent against the same party, Apotex, and the same product, the Gatifloxacin ophthalmic solution described in ANDA No. 79–084. But that is exactly what claim preclusion was designed to prevent.

Cardpool's ship against Plastic Jungle has sailed. This order will not allow Cardpool to erase the final judgment so that it can "file a new case at any time against Plastic Jungle asserting the reexamined claims." Cardpool must live with the final judgment and order. It may sue others and the order and judgment will be available for whatever persuasive value they have to the next judge to hear a suit over the same patent.

9

In an act of desperation, Cardpool alternatively argues that if "the Court is inclined to apply its prior invalidity decision to the amended reexamined claims in justification of [sic] not vacating its dismissal," there must be further "briefing and argument" on whether the amended claims caused a substantive change in scope and whether intervening rights apply. It is not necessary to go there because the instant motion is to vacate an earlier final judgment. That motion is denied for the reasons stated herein, not because of any determination about the scope of the amended reexamined claims. Cardpool's request for further rounds of briefing is simply a red herring.

## CONCLUSION

For the reasons stated herein, the motion to vacate the final judgment is **DENIED**. The parties have until **NOON ON JUNE 6** to alert the Court to any further necessary actions, otherwise the file will be closed.

**IT IS SO ORDERED.**

Dated: May 30, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE